IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE IMPINJ, INC. DERIVATIVE LITIGATION | Lead Case No. 18-cv-01686-RGA |

### JOINT STIPULATION AND [PROPOSED] ORDER STAYING ACTION

WHEREAS, on October 26, 2018, Plaintiff Mohammed Fotouhi ("Fotouhi") filed a shareholder derivative action on behalf of nominal defendant Impinj, Inc. ("Impinj" or the "Company") in this Court, captioned *Fotouhi v. Diorio, et al.*, Case No. 18-cv-01686-RGA (the "*Fotouhi* Action");

WHEREAS, also on October 26, 2018, Plaintiff Fred Weiss ("Weiss") filed a shareholder derivative action on behalf of nominal defendant Impinj in this Court, captioned *Weiss v. Diorio, et al.*, Case No. 18-cv-01687-RGA (the "*Weiss* Action");

WHEREAS, on November 8, 2018, Plaintiffs David Plaza de la Fuente and Jesus Ladron Sanchez (together with Fotouhi and Weiss, "Plaintiffs") filed a shareholder derivative action on behalf of nominal defendant Impinj in this Court, captioned *De la Fuente, et al. v. Diorio, et al.*, Case No. 18-cv-011761-RGA (the "*De la Fuente* Action" and, together with the *Fotouhi* and *Weiss* Actions, the "Related Derivative Actions");

WHEREAS, the complaints in the *Weiss* and *Fotouhi* Actions were served on nominal defendant Impinj, the Individual Defendants[1] accepted service of those complaints, and the Defendants accepted service of the complaint in the *De la Fuente* Action;

WHEREAS, on January 2, 2019, this Court entered an order consolidating the Related Derivative Actions into the above-captioned case (the "Derivative Action");

---

[1] Chris Diorio, Eric Brodersen, Evan Fein, Gregory Sessler, Tom A. Alberg, Clinton Bybee, Peter van Oppen, and Theresa Wise are collectively referred to as the "Individual Defendants," and together with Impinj, as the "Defendants."

WHEREAS, there is currently pending a related consolidated securities class action lawsuit in the United States District Court for the Western District of Washington, captioned *In re Impinj, Inc., Securities Litigation*, Case No. 3:18-cv-05704 (the "Securities Class Action");

WHEREAS, on January 22, 2019, an order was entered in the Securities Class Action setting February 13, 2019 as the deadline for filing a consolidated complaint; March 19, 2019 as the deadline for filing responsive pleadings; April 9, 2019 as the deadline for filing an opposition to any motion to dismiss; and April 30, 2019 as the deadline for filing a reply in support of any motion to dismiss;

WHEREAS, counsel for the parties in the Derivative Action have conferred regarding the status of this litigation and the appropriate next steps;

WHEREAS, based upon the overlapping parties and factual allegations contained in the Derivative Action and the Securities Class Action, and to avoid the unnecessary expenditure of judicial resources, the parties to the Derivative Action have agreed, subject to this Court's approval, to a limited stay of the Derivative Action until such time that the Securities Class Action has been resolved;

WHEREAS, the parties therefore respectfully submit that such a stay of the Derivative Action is appropriate;

WHEREFORE, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. Except as noted below, all proceedings, including any motions practice, obligation to respond to the complaint and any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, in the above-captioned Derivative Action are hereby stayed until the resolution of the Securities Class Action.

2. Defendants shall promptly notify Plaintiffs of any related derivative actions that they become aware of.

3. Defendants shall promptly notify Plaintiffs if any such related derivative action is not stayed for the same duration as the stay of the Derivative Action.

4. Plaintiffs may lift the stay upon thirty (30) days' notice to Defendants' undersigned counsel by email, in the event any related derivative action is not stayed for the same duration as the stay of the Derivative Action.

5. If the Derivative Action is not earlier dismissed, Defendants shall include Plaintiffs in any formal settlement meetings and mediations with plaintiffs in the Securities Class Action, and Defendants shall include Plaintiffs in any formal settlement meetings, conferences, and mediations with any purported plaintiff in any related derivative action.

6. In the event that any discovery is provided or produced by Defendants to any plaintiff in any related or any threatened related derivative actions, including to any purported shareholder in response to a books and records demand under 8 *Del. C.* § 220 based on allegations that are related to those made in the Derivative Action, by way of Court order or otherwise, Defendants will promptly provide copies of that discovery to counsel for Plaintiffs in the Derivative Action subject to the execution of an appropriate confidentiality agreement and/or protective order; provided that Defendants need not produce to Plaintiffs documents produced to any purported shareholder in response to a books and records demand under 8 *Del. C.* § 220 unless and until that shareholder commences a related derivative action.

7. During the stay, Plaintiffs may file consolidated and amended consolidated complaints, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay.

8.  Upon termination of the stay, Defendants shall not move to stay the Derivative Action in deference to another derivative action.

9.  Within twenty (20) days after the termination of the stay, the parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action.

10. All hearings or conferences shall be postponed until after the stay is terminated.

Dated: January 25, 2019                                    Respectfully submitted,

**FARNAN LLP**

By:  /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

                                        **WILSON SONSINI GOODRICH & ROSATI, P.C.**

By:   */s/ Lori W. Will*
      Lori W. Will (Bar No. 5402)
      Johanna Peuscher-Funk (Bar No. 6451)
      222 Delaware Avenue, Suite 800
      Wilmington, DE 19801
      Telephone: (302) 304-7600
      Email: lwill@wsgr.com
      Email: jpeuscherfunk@wsgr.com

**OF COUNSEL**:
Barry M. Kaplan
Gregory L. Watts
WILSON SONSINI GOODRICH
  & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104-7036

*Counsel for the Individual Defendants and Nominal Defendant Impinj, Inc.*

**IT IS SO ORDERED** this __25__ day of __January__, 2019.

                                              HONORABLE RICHARD G. ANDREWS
                                              UNITED STATES DISTRICT COURT